Supreme Court—Klein v. Kobrin.

---

ELIZABETH KLEIN AND AUGUST KLEIN, PLAINTIFFS-RESPONDENTS, v. MINNIE KOBRIN AND SAM. KOBRIN, DEFENDANTS-APPELLANTS.

Submitted June 5, 1924—Decided November 24. 1924.

Negligence—Motor Vehicle Accident—Injury to Pedestrian Crossing Street—Conflicting Testimony Relating to Negligence of Driver and Contributory Negligence of Pedestrian —No Error in Refusal to Nonsuit or to Direct Verdict

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the defendants-appellants, *John W. McGeehan, Jr.*

For the plaintiffs-respondents, *Edwards & Smith* (*Edwin F. Smith* and *Raymond Dawson,* of counsel).

PER CURIAM.

This is an appeal by the defendants below from judgments entered in the Essex County Circuit Court. The action was one to recover damages for injuries received by the plaintiff who was struck by the automobile of the defendant Minnie Kobrin, driven by her son, Sam Kobrin, also a defendant. The plaintiff alleged that the automobile was negligently driven. The driver was engaged at the time of the accident in business for his mother. The date of the accident was July 12th, 1922. The hour at which it occurred was eight P. M., daylight saving time, so it was still light. The plaintiff had been in Berger's department store, located on the south side of Springfield avenue, about opposite Camden street, in the city of Newark. When she left the store it was her intention, according to her testimony, to cross from the south side to the north side of Springfield avenue. On Springfield avenue there is a double track line of street railway. The plaintiff testified she left the store, walked to the cross-walk, and started across the street. When she stepped over the first rail of the track nearest to her she was struck by the defendant's car. She stated she had looked up and down the street before leaving the curb and saw nothing coming. There was evidence offered to the effect that the driver did not blow the horn and that the car was traveling at a speed of twenty-five miles per hour. At the conclusion of the plaintiff's case a motion to nonsuit, based on the ground of the contributory negligence of the plaintiff, and failure of proof of the defendant's negligence, was made and overruled. A motion to direct a verdict for the defendant at the close of the defendant's testimony was also made and denied. Exceptions to these rulings of the trial court were duly taken. The rulings of the trial court upon these motions have been made the grounds of appeal.

There was evidence that the plaintiff was not crossing the street at the cross-walk, but stepped out into the street between two parked automobiles in the middle of the block and attempted to cross the street without looking in either direction, just as the defendant's car was passing this point.

There was also evidence that the car was not being driven at excessive speed. In view of the conflicting testimony offered with respect to the contributory negligence of the plaintiff and the negligence of the driver of the car, we are of the opinion that the trial court ruled properly in overruling the defendant's motions for a nonsuit and directed verdict. The evidence of the plaintiff's negligence was not so conclusive that it could be said that the minds of reasonable men could not differ on this question. There was also evidence of the negligence of the driver of the car which the plaintiff was entitled to have submitted to the jury. Under these circumstances it was not error for the trial judge to overrule the motions made. *Rhodehouse v. Director-General*, 95 *N. J. L.* 355; *Andre v. Mertens*, 88 *Id.* 626; *Galenter v. Peli*, 96 *Id.* 112.

The judgments are affirmed, with costs.